## WILLIAMS v. GROAT.

### (Circuit Court, D. Oregon. March 2, 1896.)

### No. 2,223.

RECEIVERS—PRIORITY OF CLAIMS—JUDGMENT FOR COSTS.

 A judgment rendered against a partnership after the appointment of a receiver of its property, for costs of a suit in which it was an unsuccessful plaintiff, such costs having been mainly incurred prior to the receivership, is not to be regarded as a preferred claim merely because, if the judgment had been for plaintiffs, the creditors would have had the benefit of it. It is only costs incurred while the action is being prosecuted for the benefit of the creditors, or where it was in fact for their benefit, that are entitled to a preference.

This was a suit by Thornton L. Williams against Cadmus J. Groat, in which a receiver was appointed for the property of the firm of Williams & Groat. The present proceeding is upon an intervening petition filed by the Island City Mercantile & Milling Company, praying the court to direct the receiver to pay a judgment recovered by it against the partners, for the costs of an action, in which it was a successful defendant.

Cox, Cotton, Teal & Minro, for petitioner.

Carey, Idleman, Mays & Webster, for receiver.

BELLINGER, District Judge. The Island City Mercantile & Milling Company petition in this suit for an order directing the receiver to pay a judgment for $471.61, recovered by that company in the state circuit court. The action in which such judgment was rendered was brought by the firm of Williams & Groat against the petitioner. Three trials were had in the case, with the result that, in the end, the petitioner recovered judgment for his costs in the sum named. The receiver was not a party to that action. He was appointed receiver on the 24th of July, and the judgment was entered on the 29th following. The last of the trials referred to was had the day after his appointment. The receiver applied to be made a party defendant in the action, but, on the objection of the petitioner, the application was denied. The petitioner claims that this judgment should be made a preferred claim, to be paid in full out of the estate, upon the ground that the action was prosecuted for the benefit of the assets in the receiver's hands. It is conceded that the general rule is that, when an action is prosecuted for the increase of a fund in the receiver's hands, it is at the risk of the fund; and that it makes no difference that the receiver did not begin the action or prosecute it in his own name.

In this case the action had been long pending and twice tried before the receiver was appointed. Presumably, nearly all of the

expenses for which this judgment stands were incurred before that time. If it can be said that the action was in the interest of the creditors, then the judgment should be paid as a preferred claim, but not otherwise. But this action cannot be distinguished in this regard from any other action that may have been brought and prosecuted by the partners during their management of the firm business. In a certain sense, all expenses and other indebtedness incurred by them were for the benefit of the fund that ultimately came into the receiver's hands. Probably, every unpaid creditor can make this claim to be preferred. In what respect, then, does this creditor have better right than others? It does not appear that Groat & Williams were insolvent when this action was brought and these expenses were incurred, and an action by a solvent suitor is not for the benefit of his creditors, who are in no way concerned, so long as there is enough to pay their debts. As just suggested, there is nothing to distinguish these expenses from any others incurred by the partnership in the ordinary conduct of its business, unless it is the fact that, if a judgment had been recovered by them, it would have gone to the receiver, and become an asset in his hands. But, so far as appears, the conditions upon which this result depended were independent of the action, and subsequent to the liability in which the action had involved the partners. The action, therefore, does not appear to have been begun or prosecuted for the benefit or in the interest of the creditors. The court cannot know that expenses incurred in the prosecution of an action are for the benefit of creditors, unless it appears that a recovery, if then had, would have been impounded for the creditors' benefit. In my opinion, it is not enough that it so happens that, if a judgment in favor of the plaintiffs had been had at the time the petitioner recovered judgment, the creditors would have had the benefit of it. All the remaining assets would, upon such an argument, come into the receiver's possession, burdened with expenses and other charges incurred in the conduct of the business by which such assets were created and preserved. It is only where the expenses were incurred while the action was being prosecuted, no matter in whose name, for the benefit of the creditors, or where it was in fact for their benefit, that such expenses are entitled to preference. The prayer of the petitioner is denied.